**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50174 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-01005-VBF-28 |
| v. | |
| JOSHUA VINCENT FAUNCHER, AKA Fauncher Alfaro, AKA Josh Alfaro, AKA Joshua Alfaro, AKA Joshua Paul Alfaro, AKA Joshua VP Alfaro, AKA Alfaro Fauncher, AKA Joshua Fauncher, AKA Joshua Paul Fauncher, AKA Joshua Vincent Paul Al Fauncher, AKA Jay, AKA Joshua V. Paulalfaro, AKA Joshua V. Paulaturofaunc, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Argued and Submitted December 5, 2011
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: PREGERSON and MURGUIA, Circuit Judges, and CONLON, District Judge.[**]

Defendant Joshua Vincent Fauncher appeals the 11-month sentence imposed following his guilty plea to one count of conspiracy to commit wire and bank fraud in violation of 18 U.S.C. § 1349, in connection with a multi-level "phishing" conspiracy originating in Egypt. We have jurisdiction over this matter pursuant to 28 U.S.C. § 1291. The facts are known to the parties, and we do not recite them here.

Whether the district court violated due process by using an improper standard of proof is a question of constitutional law that the Court reviews de novo. *United States v. Berger*, 587 F.3d 1038, 1042 (9th Cir. 2009). We find that the district court correctly applied the preponderance of the evidence standard in determining that the sentencing enhancement for overseas nexus in a fraud scheme applied. The district court imposed an 11-month sentence, which was 4 months below the low end of the 15- to 21-month United States Sentencing Guidelines ("U.S.S.G.") range and only one month higher than the high end of the unenhanced range of 4 to 10 months. Under the totality of the circumstances, and in light of the ultimate sentence imposed, the enhancement did not have an extremely

---

[**] The Honorable Suzanne B. Conlon, United States District Judge for the Northern District of Illinois, sitting by designation.

disproportionate impact on the sentence requiring proof by clear and convincing evidence. *See United States v. Jordan*, 256 F.3d 922, 930 (9th Cir. 2001) (holding that when a sentencing factor has an "extremely disproportionate impact" on a sentence relative to the offense of conviction, due process requires that the government prove facts underlying the enhancement by clear and convincing evidence).

This Court "review[s] . . . the district court's application of the Guidelines to the facts of the case for abuse of discretion, and the district court's factual findings for clear error." *United States v. Treadwell*, 593 F.3d 990, 999 (9th Cir. 2010). The district court did not clearly err in determining that the overseas nexus enhancement applied. Defendant's statement that he knew the money was coming from overseas sufficiently demonstrated actual knowledge under a preponderance of the evidence standard to support a finding that it was reasonably foreseeable to Defendant that a substantial part of the fraudulent scheme was committed from outside of the United States. *See* U.S.S.G. § 2B1.1(b)(9)(B) (2010) (describing the overseas nexus enhancement as requiring that "a substantial part of a fraudulent scheme was committed from outside the United States").

Finally, the district court did not clearly err in denying Defendant a minimal role mitigating adjustment under U.S.S.G. § 3B1.2. The mitigating role adjustment is available for "a defendant who plays a part in committing the offense that makes

him substantially less culpable than the average participant." U.S.S.G. § 3B1.2 cmt. n.3(A) (2010). Here, Defendant was similarly situated to the numerous other defendants who opened fraudulent bank accounts and withdrew unlawfully transferred proceeds. The district court found that although Defendant was not as active as the main participants in the conspiracy, his role was nevertheless an "essential" one. In light of the district court's finding, we find no clear error in the district court's denial of a minimal role mitigating adjustment.

Defendant's sentence is **AFFIRMED**.